Mullen v. Rainear.

---

### THOMAS MULLEN v. EMALINE RAINEAR.

1. The plaintiff was a tenant for years of the defendant, and while he and his wife were carrying a stove along a balcony connected with the demised premises, the balcony broke down and his wife was injured. In a suit for the damages, the defendant gave evidence tending to show that the plaintiff and his wife knew of the weak condition of the balcony and were guilty of negligence in crossing it with such a weight. *Held,* that the court erred in refusing to instruct the jury that, if such negligence were made out, the plaintiff could not recover.

2. *Held, also,* that the court erred in refusing to instruct the jury that the landlady was not bound to make repairs to the balcony, unless some agreement on her part to do so were shown.

On *certiorari* to the Trenton District Court.

Argued at June Term, 1883, before Justices DIXON and PARKER.

For the plaintiff, *Geo. D Scudder.*

For the defendant, *Howell & Bro.*

The opinion of the court was delivered by

DIXON, J. The plaintiff was a tenant for years of the defendant. While he and his wife were carrying a stove along a balcony which the tenant had a right to use in connection with the leased premises, the balcony broke down, and by the fall the wife of the plaintiff was injured. This was the *gravamen* of the suit. The plaintiff claimed that the defendant had been guilty of negligence in failing to repair the balcony ; the defendant disputed her obligation to repair, as well as the charge of negligence, if such obligation existed ; she also contended that the plaintiff and his wife knew of the weak condition of the balcony, and so had been guilty of contributory negligence in passing over it with such heavy weights. On these issues the parties presented evidence calling for the submission of the questions of fact to the jury, under instructions from the court. The jury having found for the plaintiff, assessing his damages at $250, the defendant has removed the judgment to this court by *certiorari*, pursuant to the District Courts act of March 27th, 1882, (*Pamph. L. p.* 195, § 13,) and now complains of the instructions and refusals to charge in the court below, to which exceptions were duly taken and sealed.

The counsel for the defendant requested the court to charge "that when, in an action brought for damages, it appears from the evidence that the plaintiff has been guilty of great imprudence, which was, to say the least, one of the proximate causes of the evil which befel him, the law does not afford any compensation for the damages which have resulted. In such case the question of the existence of negligence, in the conduct of the defendant, becomes wholly immaterial." The court refused this request, and charged as follows : " If the plaintiff has been guilty of negligence, though that negligence may, in fact, have contributed to the accident ; yet, if the defendant could, in the result, by the exercise of ordinary care and dili-

gence, have avoided the mischief which happened, the plaintiff's negligence will not excuse the defendant."

We think the court erred in both the refusal and the charge.

The exact tenor of the request is sanctioned by the opinion of this court in *Harper* v. *Erie Railway Co*, 3 *Vroom* 88, and is an unquestionble general rule. In England and in some of the United States, the courts have considered that a plaintiff might recover notwithstanding his own negligence, when the effect of that negligence was merely to present one of the circumstances in which the defendant was required to act; then if, in view of those circumstances, the defendant was negligent and thereby caused an injury which ordinary care on his part would have avoided, he has been held responsible. Sometimes it has been said in such cases that the plaintiff's negligence was not contributory to the damage; sometimes, that the defendant's negligence was the proximate cause of the injury, and therefore the only one regarded by the law.

The soundness of these decisions has, I think, not been passed upon in New Jersey, and the present case does not call for its consideration. The facts here are such that if they make out negligence on the part of the plaintiff and his wife, that negligence was, without doubt, contributory to the injury and its proximate cause. If they crossed the balcony, knowing its weak condition, and bearing a weight likely to break it down, they could not hold the defendant responsible for the hurts so sustained, under any case which has been cited; and the doctrine of the court below, if ever sound, has no applicability to such a state of things.

The defendant's counsel also requested the court to charge " that a lessor, as such, in the absence of some covenant or agreement to that effect, is not bound to make repairs upon leased premises, and therefore if the jury are not satisfied that the defendant entered into an agreement with the plaintiff to keep the premises in question in repair, she is not liable in this action." The court declined so to charge, except with the " modification " that " the owner is bound to keep his property in a safe condition."

This also was erroneous. It is well settled that no obligation binding the landlord to make repairs, is implied by law. *Heintze* v. *Bentley*, 7 *Stew. Eq.* 562. The general doctrine of the law is, that upon a demise there is no implied contract that the property is fit for the use for which the lessee requires it, whether for habitation, occupation or cultivation. There is no implied duty on the owner of a house, which is in a ruinous and unsafe condition, to inform a proposed tenant that it is unfit for habitation, and no action will lie against him for an omission to do so, in the absence of express warranty or deceit. An obligation on the part of the landlord will not be implied that he shall make substantial repairs because of the premises being in a dangerous condition. *Naumberg* v. *Young*, 15 *Vroom* 331.

For these errors the judgment of the District Court must be reversed and the record remitted to the court below for a new trial.